IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MORRIS CLAY, II,<br><br>       Plaintiff,<br><br>   v.<br><br>COUNTY OF CONTRA COSTA BOARD<br>OF SUPERVISORS, et al.,<br><br>       Defendants. | No. C 14-2932 RMW (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Legal Claims

7       Plaintiff claims that on June 21, 2013, and August 23, 2013, defendants, including
8  Deputy District Attorney Mary Knox, made false statements to the media which were published,
9  thereby defaming plaintiff's character and reputation.

10       Defamation alone does not state a constitutional claim, even when done under color of
11  state law. See Paul v. Davis, 424 U.S. 693, 701-710 (1976). Reputation alone is not a liberty or
12  property interest protected by the Due Process Clause unless it is accompanied by "some more
13  tangible interests." Id. at 701. This has become known as the "stigma-plus" test. Humphries v.
14  County of Los Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009), overruled on other grounds, 131 S.
15  Ct. 447 (2010). The stigma-plus test cannot be met by alleging collateral consequences of the
16  defamation, such as loss of business, public scorn and potential loss of employment. See Cooper
17  v. Dupnik, 924 F.2d 1520, 1534 (9th Cir. 1991). In other words, plaintiff must show that "a right
18  or status previously recognized by state law was distinctly altered or extinguished." Paul, 424
19  U.S. at 711.

20       Here, however, plaintiff merely alleges that, as a result of the alleged defamation,
21  plaintiff has received threats on his life; plaintiff has lost sleep and gotten migraines; plaintiff has
22  suffered mental and emotional anguish; the alleged defamation has harmed plaintiff's impending
23  litigation; and plaintiff has lost the support from family, friends, and associates. Even with
24  liberal construction, the complaint does not satisfy the "stigma-plus" test.

25       Thus, the complaint does not state a claim upon which relief may be granted. Leave to
26  amend will be granted so that plaintiff may attempt to allege a cognizable § 1983 claim based on
27  his allegations. In his amended complaint, plaintiff must allege facts showing that there was
28  factually false information about him, and allege facts to showing that the false information

satisfied the "stigma-plus" test.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend if he can cure the above deficiencies in good fath.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 14-2569 RMW (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

1  DATED: _____                           /s/ Ronald M. Whyte
                                               RONALD M. WHYTE
2                                              United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\RMW\CR.14\Clay932dwla.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE M CLAY II,

        Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

        Defendant.

Case Number: CV14-02932 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 6, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Morris Clay AR3562 / B8-117
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: October 6, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk