IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MORRIS CLAY, II,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | No. C 14-2569 RMW (PR)<br><br>ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE |

    Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the complaint in part, and orders served on defendant.

**DISCUSSION**

A.    <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See id.</u> § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Plaintiff's Claims

Plaintiff alleges that on May 3, 2011, plaintiff was incarcerated at Martinez Detention Facility in Contra Costa County. On or around that day, plaintiff was litigating a criminal case. Officer Aide D. Crews signed for a package addressed to plaintiff from Lisa Moret, and marked as "legal mail." D. Crews informed plaintiff that the package was received, but its contents were in violation of mail policy and placed on a shelf assignment for storage. Plaintiff claims that his legal mail should not have been opened or inspected outside of plaintiff's presence.

Liberally construed, plaintiff has stated a cognizable claim that Officer D. Crews violated plaintiff's First Amendment right to receive mail.

Plaintiff also names Sheriff David Livingston and Commander Vannoy as defendants. However, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)). Plaintiff has not provided facts to support either factor for either Sheriff David Livingston or Commander Vannoy. Accordingly, Sheriff David Livingston and Commander Vannoy are DISMISSED.

Plaintiff also names Spc. Ernesto Lara as a supervisor. Plaintiff alleges that Spc. Lara reviewed and rejected plaintiff's grievances and appeals regarding this claim yet failed to investigate or stop the violation. However, by the time Spc. Lara became aware of plaintiff's claim, the alleged violation had already occurred. Thus, Spc. Lara could not have had a personal involvement in the alleged constitutional deprivation. For the same reason, Spc. Lara could not have had a role in causing the alleged constitutional deprivation. Thus, Spc. Lara is DISMISSED.

1    Finally, plaintiff alleges that the Contra Costa County had a policy that resulted in
2 deprivations to plaintiff.  However, the court previously warned plaintiff that to properly plead a
3 municipal liability claim, it was insufficient to allege simply that a policy, custom, or practice
4 exists that caused the constitutional violations.  AE v. County of Tulare, 666 F.3d 631, 636-37
5 (9th Cir. 2012).  Instead, a plaintiff suing a municipal entity must allege sufficient facts
6 regarding the specific nature of the alleged policy, custom or practice to allow the defendant to
7 effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief.
8 AE, 666 F.3d at 636-37 (citing Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), which
9 summarized new pleading standards derived from Iqbal, Twombly and related Supreme Court
10 decisions).  Plaintiff's amended complaint still does not allege such facts.  Accordingly, the
11 Contra Costa County Sheriff's office is DISMISSED with prejudice.

## CONCLUSION

13    For the foregoing reasons, the court hereby orders as follows:
14    1.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
15 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
16 and all attachments thereto (docket no. 14), and a copy of this order to **Officer D. Crews** at
17 **Martinez Detention Facility.**
18    The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this
19 order to Sharon Anderson,  County Counsel, 651 Pine Street, 9th Floor Martinez, CA 94553.
20 Additionally, the clerk shall mail a copy of this order to plaintiff.
21    2.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure
22 requires him to cooperate in saving unnecessary costs of service of the summons and complaint.
23 Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on
24 behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the
25 cost of such service unless good cause is shown for their failure to sign and return the waiver
26 form.  If service is waived, this action will proceed as if defendant had been served on the date
27 that the waiver is filed and defendant will not be required to serve and file an answer before **sixty**
28 **(60) days** from the date on which the request for waiver was sent.  Defendant is asked to read the

Order of Partial Dismissal; Order of Service
P:\PRO-SE\RMW\CR.14\Clay569srv.wpd         3

1  statement set forth at the bottom of the waiver form that more completely describes the duties of
2  the parties with regard to waiver of service of the summons.  If service is waived after the date
3  provided in the Notice but before defendant has been personally served, the Answer shall be due
4  **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from
5  the date the waiver form is filed, whichever is later.

6        3.      No later than **ninety (90) days** from the date of this order, defendants shall file a
7  motion for summary judgment or other dispositive motion with respect to the cognizable claims
8  in the complaint.

9        Any motion for summary judgment shall be supported by adequate factual documentation
10 and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant**
11 **is advised that summary judgment cannot be granted, nor qualified immunity found, if**
12 **material facts are in dispute.  If defendant is of the opinion that this case cannot be**
13 **resolved by summary judgment, he shall so inform the court prior to the date the summary**
14 **judgment motion is due.**

15       4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and
16 served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is
17 filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>
18 <u>Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
19 forward with evidence showing triable issues of material fact on every essential element of his
20 claim).

21       5.      Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
22 opposition is filed.

23       6.      The motion shall be deemed submitted as of the date the reply brief is due.  No
24 hearing will be held on the motion unless the court so orders at a later date.

25       7.      All communications by the plaintiff with the court must be served on defendant or
26 defendant's counsel, by mailing a true copy of the document to defendant or defendant's
27 counsel.

28       8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

1  No further court order is required before the parties may conduct discovery.

2        9.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
3  and all parties informed of any change of address and must comply with the court's orders in a
4  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
5  pursuant to Federal Rule of Civil Procedure 41(b).

6      IT IS SO ORDERED.
7  DATED: _____

                            RONALD M. WHYTE
8                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE M CLAY II,

          Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

          Defendant.

Case Number: CV14-02932 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Morris Clay AR3562 / B8-117
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: May 29, 2015

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk