IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE MORRIS CLAY, II, | ) | No. C 14-2932 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| COUNTY OF CONTRA COSTA BOARD OF SUPERVISORS, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses the amended complaint for failure to state a claim.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3 the alleged violation was committed by a person acting under the color of state law. See West v.
4 Atkins, 487 U.S. 42, 48 (1988).

5 B.    Legal Claims

6    In plaintiff's original complaint, plaintiff alleged that on June 21, 2013, and August 23,
7 2013, defendants, including Deputy District Attorney Mary Knox, made false statements to the
8 media which were published, thereby defaming plaintiff's character and reputation. The court
9 dismissed the complaint with leave to amend, and explained to plaintiff that defamation alone
10 does not state a constitutional claim, even when done under color of state law. See Paul v.
11 Davis, 424 U.S. 693, 701-710 (1976). Reputation alone is not a liberty or property interest
12 protected by the Due Process Clause unless it is accompanied by "some more tangible interests."
13 Id. at 701. This has become known as the "stigma-plus" test. Humphries v. County of Los
14 Angeles, 554 F.3d 1170, 1185 (9th Cir. 2009), overruled on other grounds, 131 S. Ct. 447
15 (2010). The stigma-plus test cannot be met by alleging collateral consequences of the
16 defamation, such as loss of business, public scorn and potential loss of employment. See Cooper
17 v. Dupnik, 924 F.2d 1520, 1534 (9th Cir. 1991). In other words, plaintiff must show that "a right
18 or status previously recognized by state law was distinctly altered or extinguished." Paul, 424
19 U.S. at 711.

20    In response, plaintiff filed an amended complaint. In the amended complaint, plaintiff
21 details that Deputy District Attorney Mary Knox made false statements to the Bay Area News
22 Group after plaintiff's conviction for first degree murder. Plaintiff alleges that Knox falsely
23 stated to the media that plaintiff was affiliated with a gang. Plaintiff names as defendants the
24 Contra Costa Board of Supervisors, Chief District Attorney Mark Peterson, Deputy District
25 Attorney Mary Knox, Jim Gleim, Sharon Ryan, and Malika Fraley.

26    First, plaintiff claims that Contra Costa Board of Supervisors is liable under a theory of
27 respondeat superior. Local governments are "persons" subject to liability under 42 U.S.C. §
28 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social

1  Servs., 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable
2  for the unconstitutional acts of its employees under the theory of respondeat superior, see Board
3  of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997).  To impose municipal
4  liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the
5  plaintiff possessed a constitutional right of which he or she was deprived; (2) that the
6  municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's
7  constitutional rights; and (4) that the policy is the moving force behind the constitutional
8  violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir.
9  1997).  Here, plaintiff has not demonstrated any of the factors necessary to state a claim against
10 Contra Costa Board of Supervisors.  Thus, Contra Costa Board of Supervisors is DISMISSED.

11         Second, plaintiff names Jim Gleim, the owner of the Bay Area News Group; Sharon
12 Ryan, the President of the Bay Area News Group; and Malika Fraley, a reporter at the Bay Area
13 News Group, as defendants.  However, they are not state actors.  A private individual does not
14 act under color of state law, an essential element of a § 1983 action.  See Gomez v. Toledo, 446
15 U.S. 635, 640 (1980).  The Supreme Court has found state action present "in the exercise by a
16 private entity of powers traditionally exclusively reserved to the State;" where private
17 individuals are willful participants in joint activity with the State or its agents that effects a
18 constitutional deprivation; where the state has exercised such coercive power or has provided
19 such significant encouragement, either overt or covert, that the private individual's choice must
20 in law be deemed to be that of the state; and if the private action is fairly attributable to the state
21 Johnson v. Knowles, 113 F.3d 1114, 1118-20 (9th Cir. 1997).  Plaintiff has not alleged any of
22 these scenarios here.  Thus, Jim Gleim, Sharon Ryan, and Malika Fraley are DISMISSED.

23         Finally, plaintiff acknowledges that damage to reputation alone is not sufficient to state a
24 Section 1983 claim.  In an attempt to satisfy the "stigma-plus" test, plaintiff alleges that the
25 Knox's statements to the media that plaintiff was affiliated with a gang were false, and that
26 plaintiff was deprived of due process because he was not provided with notice and opportunity to
27 clear his name.  However, the cases which provide that the lack of notice and an opportunity to
28 be heard could satisfy the "plus" portion of "stigma-plus" were made in the context of

1  employment termination cases.  See, e.g., Board of Regents v. Roth, 408 U.S. 564, 572-75
2  (1972); Moore v. Mississippi Valley State University, 871 F.2d 545, 549 (5th Cir. 1989).  In
3  order to state a proper due process violation here, plaintiff was required to allege the loss of a
4  recognizable property or liberty interest in conjunction with the allegation of injury to reputation.
5  See Paul, 424 U.S. at 712.  Here, again, plaintiff merely alleges an injury to his reputation.
6  Plaintiff has not demonstrated that he was deprived of a property or liberty interest previously
7  recognized by federal or state law.  Compare Stevens v. Rifkin, 608 F. Supp. 710, 727 (1984)
8  (plaintiff stated proper claim under Section 1983 where defamatory statements were made in
9  connection with alleged unconstitutional arrest and prosecution), with Hart v. Parks, 450 F.3d
10 1059, 1069-70 (9th Cir. 2006) (plaintiff claiming that alleged defamatory statements were made
11 by police at a press conference failed to show an injury to his reputation in connection with the
12 deprivation of a federally protected right because police had probable cause to arrest him).  Thus,
13 plaintiff has not stated a cognizable claim for relief.

## CONCLUSION

15 For the foregoing reasons, plaintiff's amended complaint is DISMISSED for failure to
16 state a claim.  The clerk shall terminate all pending motions and close the case.

17 IT IS SO ORDERED.

18 DATED: ӍӐӋӐӋӍ

19 _____
   RONALD M. WHYTE
   United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

WILLIE M CLAY II,

        Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

        Defendant.

Case Number: CV14-02932 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Willie Morris Clay AR3562 / B8-117
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: May 29, 2015

                              Richard W. Wieking, Clerk
                              By: Jackie Lynn Garcia, Deputy Clerk